**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| JASON COKER § | |
| INDIVIDUALLY AND ON BEHALF § | |
| OF ALL OTHERS SIMILARLY § | |
| SITUATED § | |
| § | CIVIL ACTION NO. 6:19-cv-211 |
| § | |
| § | COLLECTIVE ACTION UNDER |
| § | 42 U.S.C. §216(b) |
| § | |
| VS. § | JURY DEMANDED |
| § | |
| § | |
| STONEWATER ROOFING, LTD. CO. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**INTRODUCTION**

1.      Pursuant to 29 USC § 207 ("FLSA"), the named Plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendant, STONEWATER ROOFING, LTD. CO. (Hereinafter "Stonewater Roofing") as a result of its failure to pay Plaintiff and all those similarly situated employees overtime wages. Defendant misclassified these workers as independent contractors and failed to pay them overtime compensation as required by the FLSA.

2.      Stonewater Roofing suffered or permitted these workers to work more than 40 hours in a work week but did not pay them overtime wages. Instead, Defendant paid these workers a straight hourly rate with no federal withholding, social security or Medicare taxes withheld.

3.      Defendants' failure to pay overtime to these workers violates the FLSA 29 U.S.C. § 207(a).

4.      Pursuant to 29 USC § 216 (b), the named plaintiff also seeks to represent all other similarly situated past and present employees, as described herein, who have not been paid overtime and to

have this action certified as a collective action. For themselves and all those similarly situated, the named employee seeks their unpaid overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

5.   Plaintiff, John Coker ("Coker"), is a resident of Gregg County, Texas. The Plaintiff brings this action individually on his own behalf and, pursuant to §216(b) of the Fair Labor Standards Act, as a representative of a class of individuals who are similarly situated and who have suffered the same or similar damages. Coker's consent to proceed as plaintiff is attached as Exhibit A to the Complaint. Defendant Stone Water Roofing, Ltd. Co. is a Texas Limited Partnership that does business throughout East Texas. It may be served with the Complaint and Summons by serving its registered agent for service, Roland Hays Browne III at 924 W. Houston St. or 434 S. Bois D' Arc, Tyler, Texas 75702.

## JURISDICTION AND VENUE

6.   This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendant's operation in Tyler, Texas is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq.

## FACTS

7.   Stonewater Roofing is a residential and commercial roofing company doing business in Tyler, Longview and Plano, Texas. While Plaintiff was classified as an "independent contractor" by Stonewater Roofing, this classification was legally erroneous. His job at Stonewater Roofing was as a Project Manager under the direct supervision of employees of Stonewater Roofing. Plaintiff and the putative class members were hired to perform the work personally and were not able to assign another to do the job in his place. Plaintiff and the putative class members worked

on the schedule set by Stonewater Roofing and they performed the work in the order or sequence set by Stonewater Roofing. As stated, Plaintiff and the putative class members were paid an hourly rate for all hours worked, with no overtime premium for any hours worked over 40 in a work week.

8. Plaintiff and the putative class members did not realize a profit or loss in the business, rather, they were paid for services rendered. Plaintiff and the putative class members solely worked for Stonewater Roofing during the time of their employment and did not offer their services to the public. Plaintiff and the putative class members were subject to termination by Defendant at any time and were able to quit at any time without liability on their part.

9. Stonewater Roofing provided all plans and specifications for the roofing projects, gave specific instructions on when, where and how the work was to be performed, including the manner of fabrication of the equipment and the details of Plaintiff's work.

10. Defendant paid Plaintiff and the putative class members for services rendered and had the right to direct or control these workers, both as to the final result of their labors and the details of the where, when and how the work was to be performed. As a result, Plaintiff and the putative class members were misclassified as independent contractors and should have been classified as employees of Stonewater, and therefore entitled to overtime wages.

11. Plaintiff worked between 60 and 70 hours per week. Plaintiff was not paid overtime wages; however, the work he did for Stonewater Roofing was not exempt as defined under 29 CFR part 451. The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.

12. Plaintiff believes and, therefore, alleges that the failure of Stonewater Roofing to pay Plaintiff and all those similarly situated for overtime pay was intentional.

## CLAIMS

13. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) is commonly referred to as "FLSA." Among other things, the FLSA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half his regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

14. Pursuant to 29 U.S.C. § 216 (b), Plaintiff Coker brings this action in his individual capacity and as a collective action. Coker seeks this court's appointment and/or designation as representative of a class of similarly situated employees of Stonewater Roofing who were not paid for all overtime hours worked as described herein. In fact, one other class member had executed a consent to join the case. On information and belief, there are numerous roof and gutter installers who were not paid for all overtime hours worked for Stonewater Roofing as described herein. The questions of law and fact are common to the class of similarly situated employees. The failure to pay its employees for the overtime hours worked was common to all of Stonewater Roofing's project managers.

15. Coker specifically requests that he be permitted to serve as a representative of the affected class, and this action should be certified as a collective action pursuant to 29 U.S.C. § 216(b).

## JURY DEMAND

16. Plaintiff, individually and as a representative of the class, requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified, and that the Plaintiff and each member of the class recover from Stonewater Roofing the following:

1. The unpaid wages due to Plaintiffs;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to all class members;
4. Liquidated damages to all class members;
5. Court costs;
6. Attorneys' fees; and
7. Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF
AND THE COLLECTIVE