UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00211

**Jason Coker,**
*Plaintiff,*

v.

**Stonewater Roofing, Ltd. Co.,**
*Defendant.*

Before BARKER, *District Judge*

### ORDER

Plaintiff Jason Coker asks the court to (i) approve a proposed notice soliciting other employees to join him in suing his former employer, Stonewater Roofing, and (ii) order Stonewater to turn over information on those employees so that Coker can contact them about joining his suit. Originally, that motion was opposed. Doc. 11. The motion has now been superseded by an agreed motion for the same relief. Doc. 19.

The court held a hearing on both that motion and a similar motion in *Laney v. Clements Fluids Management, LLC*, No. 6:18-cv-497, in which plaintiffs are represented by the same counsel as is Coker. At the hearing, Stonewater confirmed that it was not opposed to turning over the relevant employees' contact information or to Coker sending them the proposed notice. Hr'g Tr. (Doc. 26) at 6:6-19. Stonewater explained that it sees a practical benefit in notifying employees of their right to sue, as it may allow resolution of all similar claims now, in one lawsuit. Hr'g Tr. 43:3-24. Stonewater indicated that, because of that perceived case-management benefit, it would voluntarily turn over the contact information even if the court denied the motion. Hr'g Tr. 44:15-46:1.

**1.** The court **denies** the motions for approval of notice for two reasons. First, the relief sought is unnecessary. Stonewater has no problem with Coker's proposed notice or with voluntarily providing him the contact information to send it. It remains unclear why the court needs to be involved in that disclosure and communication.

Second, even if the motion remained opposed, it would be denied for the reasons given in the court's order of today in *Laney* denying the same relief, which reasons are incorporated by reference here. And, for the reasons given in the *Laney* order, the court **orders** a deadline of June 1, 2020, for the filing of any opt-in plaintiff's written consent to join this case.

**2.** The court also **denies** Coker's motion for equitable tolling of the statute of limitations for opt-in plaintiffs. Doc. 27. The court has discretion to equitably toll a limitations period. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). But the court will only do so under "extraordinary circumstances." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998). A cause for delay in filing suit is an "extraordinary circumstance" if it arose from "some external obstacle to timely filing beyond the plaintiff's control, not from self-inflicted delay." *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017). And the court will not equitably toll a statute of limitations unless plaintiff was "pursuing his rights diligently" before the limitations period expired. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). The party seeking to invoke equitable tolling bears the burden of proving both diligence and exceptional circumstances. *See Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

In *Sandoz*, the Fifth Circuit considered what degree of diligence was required by opt-in plaintiffs to satisfy the equitable-tolling standards. 700 F. App'x at 320. Most importantly, the court held that equitable tolling "focuses on whether an external obstacle 'prevented timely filing,' not on whether an

external obstacle prevented timely filing *in a specific suit*." *Id.* at 321 (emphasis in original). The court further explained that "[n]othing prevented the Opt-In Plaintiffs from discovering their claims and initiating a [different] suit," before the limitations period had ended. *Id.*

Indeed, the court concluded that "when, as here, an employee's own inaction relegates opt-in notice from a specific suit as the only means of discovering an FLSA violation, [the court] will not transform routine litigation into an extraordinary circumstance." *Id.* Moreover, courts applying *Sandoz* have refused to equitably toll the FLSA statute of limitations if plaintiffs failed to prove both that potential opt-in plaintiffs diligently pursued their rights and that extraordinary circumstances—other than the period of time taken to rule on a motion—caused the limitations period to lapse. *See English v. Tex. Farm Bureau Bus. Corp.*, No. 6:17-cv-00323-ADA, 2019 WL 5191832, at *3 (W.D. Tex. Oct. 15, 2019); *Straka v. Methodist Dallas Med. Ctr. Auxiliary*, No. 3:16-cv-2192-B, 2018 WL 1609691, at *1 (N.D. Tex. Apr. 3, 2018); *Rule v. S. Indus. Mech. Maint. Co., LLC.*, No. 16-cv-1408, 2017 WL 4276936, at *2 (W.D. La. Aug. 22, 2017), report and recommendation adopted, No. 16-cv-1408, 2017 WL 4273115 (W.D. La. Sept. 25, 2017).

Coker's argument is largely indistinguishable from that rejected in *Sandoz*. He contends that potential opt-in plaintiffs were unable to pursue their claims against Stonewater because the court had not yet addressed Coker's motion for approval of notice. That is wrong. Potential opt-in plaintiffs have been free, for the entirety of this action, to discover their claims and give their written consent to join this action. Several consents have already been filed. Likewise, as in *Sandoz*, "[n]othing prevented the Opt-In Plaintiffs from discovering their claims and initiating a [different] suit." 700 F. App'x at 321. In any event, Coker has neither argued nor shown that any particular opt-in plaintiff who may have filed after the

statute of limitations acted diligently in discovering and pursuing their claims. Coker has not met his burden to show that equitable tolling is warranted.

## Conclusion

Coker's motions for approval of notice (Docs. 11, 19) and his motion for equitable tolling (Doc. 27) are **denied**.

*So ordered by the court on March 25, 2020.*

J. CAMPBELL BARKER
United States District Judge